GRUENDER, Circuit Judge,
concurring.
The application of the definition of “accident” from Wickman v. Northwestern National Insurance Co., 908 F.2d 1077 (1st Cir.1990), is appropriate in this case, but only because LINA failed to appeal what I view as the district court’s incorrect order remanding the case for reassessment under that definition. Although I believe that the Court is ultimately correct in affirming the judgment of the district court on the basis of LINA’s flawed application of Wickman, I disagree with the Court’s description of how Wickman came to be applied here, and therefore I write separately.
While LINA did, as the Court states, “argue[ ] that its denial of benefits satisfied Wickman in its memorandum in support of its initial motion for summary judgment” prior to the district court’s remand order, ante at 759, LINA never stated that the Wickman definition of “accident” was the definition that it applied in its own original decision to deny benefits. Instead, LINA recited the facts from many cases finding that alcohol-related vehicular deaths were not “accidents,” noted that many of these cases relied on the plaintiffs favored Wickman definition, and then concluded:
Indeed, this case presents facts that are even more compelling than those in the cases cited above. In many of these cases ... the courts were struggling to determine the definition of the term “accident” because it was not defined in the applicable policies. Here, as detailed previously, LINA’s policy expressly defines “accident” as an “unforeseeable” event, which removes Mr. McClelland’s drunk driving crash from the scope of the term, regardless of the standard of review.
I believe that the Court errs in transforming an insurer’s mere claim that its decision, however reached, satisfies a well-known standard into a concession that its decision is based solely on that standard. Nevertheless, I concur in the judgment because LINA did not raise as an issue on appeal the district court’s earlier incorrect determination in its remand order that LINA had argued that its decision was made pursuant to Wickman. LINA thus waived any argument that it was not bound to apply the Wickman definition of “accident,” and I agree with the Court that LINA’s post-remand analysis under Wick-man was premised on an unreasonable abandonment of Wickman’s subjective test in favor of its objective test.